Raul Perez (SBN 174687)
Raul.Perez@Capstonelawyers.com
Melissa Grant (SBN 205633)
Melissa.Grant@Capstonelawyers.com
Arnab Banerjee (SBN 252618)
Arnab.Banerjee@Capstonelawyers.com
Alexandria Witte (SBN 273494)
Alexandria.Witte@Capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiff Raphael Saye

*[additional counsel listed on following page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RAPHAEL SAYE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CSK AUTO, INC. D/B/A O'REILLY AUTO PARTS, an Arizona corporation; O'REILLY AUTO ENTERPRISES, LLC, a Delaware limited liability company; and O'REILLY AUTOMOTIVE STORES, INC., a Missouri corporation,<br><br>Defendants. | Case No.:  2:14-cv-3470<br><br>**CLASS ACTION COMPLAINT**<br><br>(1)  Violation of 15 U.S.C. Section 1681b(b)(2)(A) and 1681d(a) (Fair Credit Reporting Act);<br>(2)  Violation of 15 U.S.C. Section 1681b(b)(3)(A) (Fair Credit Reporting Act);<br>(3)  Violation of 15 U.S.C. Section 1681m(a) (Fair Credit Reporting Act);<br>(4)  Violation of California Civil Code Section 1786 *et seq.* (Investigative Consumer Reporting Agencies Act); and<br>(5)  Violation of California Business & Professions Code Section 17200 *et seq.* (Unfair Competition Law).<br><br>**Jury Trial Demanded As To Claims That Are So Triable** |

Asaf Agazanof (SBN 285043)
asaf@lawasaf.com
Asaf Law
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
Telephone:    (424) 254-8870
Facsimile:    (888) 254-0561

Attorney for Plaintiff Daniel Huerta

CLASS ACTION COMPLAINT

1   Plaintiff Raphael Saye (herein "Plaintiff"), individually and on behalf of
2   all other members of the public similarly situated, based upon facts which either
3   have evidentiary support, or are likely to have evidentiary support after a
4   reasonable opportunity for further investigation and discovery, alleges as
5   follows:

**NATURE OF THE ACTION**

7   1.   This class action arises from CSK Auto, Inc.'s, O'Reilly Auto
8   Enterprises, LLC, and O'Reilly Automotive Stores, Inc.'s (herein referred to as
9   "Defendants" or "O'Reilly Auto Parts") acquisition and use of consumer and/or
10   investigative consumer reports (referred to collectively as "background reports")
11   to conduct background checks on Plaintiff and other prospective, current and
12   former employees.

13   2.   Defendants routinely obtain and use information from background
14   reports in connection with their hiring processes without complying with state and
15   federal mandates for doing so.

16   3.   Plaintiff, individually and on behalf of all other members of the
17   public similarly situated, seeks compensatory and punitive damages due to
18   Defendants' systematic and willful violation of, *inter alia*, the Fair Credit
19   Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., the Investigative Consumer
20   Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786 *et seq.*, and
21   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200
22   *et seq.*

23   4.   Defendants have violated the requirements under these statutes in at
24   least two separate ways: (1) failure to provide proper "pre-authorization"
25   disclosures; and (2) failure to provide proper "adverse action" disclosures.

26   5.   First, the procurement of background reports for employment
27   purposes is subject to strict disclosure requirements under federal law pursuant to
28   the FCRA and under California law pursuant to the ICRAA and UCL.  Among

other things, an employer may not procure a background report concerning a job applicant unless a "clear and conspicuous" disclosure is made in a stand-alone document that "consists solely of the disclosure" informing the applicant that a report may be obtained for employment purposes.  This required disclosure document is sometimes referred to as a "pre-authorization" form.

6.     Defendants' pre-authorization form is embedded as a link within a multi-webpage employment application and contains a liability release, among other extraneous information.  For these reasons, among others, Defendants' pre-authorization form violates the law.

7.     Second, the FCRA requires users of consumer reports to follow certain procedures and provide certain disclosures prior to and after taking adverse actions against prospective, current and former employees based in whole or in part on their consumer report information.  Among other things, prior to taking an adverse action, an employer must provide a "pre-adverse action" notice which includes a copy of the consumer report and a current version of the FCRA Summary of Rights promulgated by the Federal Trade Commission ("FTC") and Bureau of Financial Protection.  After taking the adverse action, after a reasonable period of time, the employer must then provide a separate "post-adverse action" notice which includes the contact information of the consumer reporting agency that supplied the report; a statement that the agency supplying the report did not make the decision to take the unfavorable action and cannot give specific reasons for the action; and a notice of the applicant or employee's right to dispute the accuracy of the information furnished by the consumer reporting agency and that a free additional report is available from the agency if the person asks for it within 60 days, among other requirements.

8.     On information and belief, Defendants failed to provide a copy of the consumer report and/or a current version of the FCRA Summary of Rights prior to taking an adverse action against Plaintiff, namely, termination and/or revocation

CLASS ACTION COMPLAINT

of a job offer.  On information and belief, Defendants also failed to provide a separate notice of the adverse action, with the requisite information prescribed under the FCRA, after taking the adverse action.  For these reasons, among others, Defendants' failure to provide any pre- and/or post-adverse action notice violates the law.

9.     As further alleged herein, Defendants' violations occurred because Defendants wilfully have failed to properly apprise themselves of the statutory mandates before seeking, acquiring, and utilizing background reports to make employment decisions; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

10.     As a result of Defendants' wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA and ICRAA.

11.     Plaintiff seeks on behalf of himself and putative class members, statutory, actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorney's fees, and appropriate injunctive relief requiring Defendants to comply with their legal obligations, as well as additional and further relief that may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

### JURISDICTION AND VENUE

12.     The FCRA, codified as 15 U.S.C. Section 1681 *et seq.*, authorizes Court actions by private parties to recover damages for failure to comply with its provisions.  Jurisdiction over Plaintiff's FCRA claims is based upon 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

13.     Under 28 U.S.C. Section 1367, this Court has supplemental

jurisdiction over Plaintiff's state law claims because the state claims are so related to the FCRA claims that they form part of the same case or controversy. Additionally, jurisdiction over Plaintiff's state law claims is based upon the Class Action Fairness Act of 2005, codified as 28 U.S.C. Section 1332(d)(2)(A), because the amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs, and because the parties are diverse because Plaintiff is a resident of California, Defendant CSK AUTO, INC. is an Arizona corporation with its principal place of business in Missouri, Defendant O'REILLY AUTO ENTERPRISES, LLC is a Delaware limited liability company with its principal place of business in Missouri, and Defendant O'REILLY AUTOMOTIVE STORES, INC. is a Missouri corporation with its principal place of business in Missouri.

14.     Venue lies within this judicial district pursuant to 28 U.S.C. Section 1391(b) and (c) because Defendants transact business in this judicial district and because this District is a District in which a substantial part of the events or omissions giving rise to the Complaint occurred.  Specifically, Plaintiff completed Defendants' employment application in Lawndale, California, County of Los Angeles.  Venue is proper in the Central District of California.

**THE PARTIES**

15.     Plaintiff RAPHAEL SAYE is a resident of Los Angeles, California in Los Angeles County.

16.     Defendant CSK AUTO, INC. D/B/A O'REILLY AUTO PARTS was and is, upon information and belief, an Arizona corporation with its principal place of business and corporate headquarters in Springfield, Missouri, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

17.     Defendant O'REILLY AUTO ENTERPRISES, LLC was and is,

upon information and belief, a Delaware limited liability company with its principal place of business and corporate headquarters in Springfield, Missouri, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

18.     Defendant O'REILLY AUTOMOTIVE STORES, INC. was and is, upon information and belief, a Missouri corporation with its principal place of business and corporate headquarters in Springfield, Missouri, and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

## PLAINTIFF'S FACTS

### Pre-Authorization

19.     Plaintiff applied for a job with Defendants by completing an online "Employment Application" on or about July 19, 2013.

20.     Plaintiff alleges, on information and belief, that in evaluating him for employment, Defendants procured or caused to be prepared a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. Section 1681a(d)(1)(B) and 15 U.S.C. Section 1681a(e), and an investigative consumer report, as defined by Cal. Civ. Code Section 1786.2(c)).

21.     In connection with his employment application, Plaintiff completed Defendants' standard online materials, which, on information and belief, were used regularly by Defendants for all online job applicants during the relevant time period in the connection with their employment policies, procedures, and/or practices. Defendants' online employment application is a process during which an applicant makes his or her way through various sections of an application portal in "O'Reilly Careers" (including, but not limited to: "Positions," "General," "Preferences," and "Education" sections).  In the second to final webpage of the

application portal, in a section titled "Criminal," a subsection titled "Terms and Conditions" appears with two checkboxes below it.  The second checkbox indicates "I accept the Background Check **Terms and Conditions** [emphasis added]"; the bolded words hyperlink to an expanded section titled "Terms and Conditions," which only becomes visible when the link is selected and appears within the same page.  Within the expanded "Background Check Terms and Conditions" section is language purportedly disclosing to prospective applicants, including Plaintiff and class members, that a background report may be obtained about them in connection with their employment application.  Upon clicking this checkbox next to the text "I accept the Background Check **Terms and Conditions**," Plaintiff and class members purportedly authorized Defendants to procure a background report.  Plaintiff also selected and clicked on the checkbox requesting a copy of any "criminal background report" procured.

22.    Below is a reproduction of the portions of the online application containing the Background Check Terms and Conditions:

//

//



CLASS ACTION COMPLAINT

## Terms and Conditions

As part of the employment process, O'Reilly Automotive, Inc. ("the Company") may obtain an employment background check, also known as an investigative consumer report, including a criminal background report, which I understand may include information regarding my criminal history. The disclosure may include information on my character, general reputation, personal characteristics, and mode of living. This report may be compiled with information from courts' record repositories, departments of motor vehicles, governmental occupational licensing or registration entities, and any other source required to verify information.

During the application process and at any time during the tenure of my employment with the Company, I hereby authorize the investigative consumer reporting agency, LexisNexis Screening Solutions, Inc., Consumer Disclosure Center, PO Box 105292, Atlanta, GA 30348, 1-800-845-6004@, to procure such a report on behalf of the Company.

You have a right to obtain a free copy of a your report from LexisNexis Screening Solutions, Inc.. If you request such report within 60 days of receiving a notice that an adverse action has been taken place based upon your consumer report. You also have a right to dispute with LexisNexis Screening Solutions, Inc., the accuracy or completeness of any information in a consumer report furnished by the agency.

I authorize the investigation of information given on my application including education, employment history, criminal conviction records, driving records, and all other aspects of my background. I hereby release O'Reilly and its representatives, as well as all persons and organizations providing information, from any liability for damage arising from any such investigation. I understand that my refusal to sign this release will make me ineligible for hire at O'Reilly Automotive, Inc.

**California residents only:**

**In connection with your application for employment, your investigative consumer report may be retained and viewed. Under California law, you have a right to receive a free copy of your report by checking the appropriate box above.**

**Under Civil Code Section 1786.22, you may view the file maintained on you by LexisNexis Screening Solutions during normal business hours. You also may obtain a copy of this file upon submitting proper identification and paying the costs of duplication services, by appearing in person at LexisNexis Screening Solutions or submitting your request by mail. You also may receive a summary of the file by telephone. The agency is required to have personnel available to explain your file to you, and the agency must explain to you any coded information appearing in your file. If you appear in person, a person of your choice may accompany you, provided that this person furnishes proper identification.**

☐ I am a California resident and would like a free copy of my criminal background report.

☐ I accept the Background Check Terms and Conditions.

« Previous    Save    Next »

23.     This purported disclosure contains the following information within its four corners, which is irrelevant to Defendants' disclosure of its intent to perform a background check:

(a)     I hereby release O'Reilly and its representatives, as well as all persons and organizations providing this information, from any liability for damage arising from any such investigation ("Waiver").

(b)     I understand that my refusal to sign this release will make me ineligible for hire at O'Reilly Automotive, Inc. ("Ineligibility").

(c)     You have a right to obtain a free copy of your reportfrom [sp] LexisNexis Screening Solutions, Inc., if you request such report within 60 days of receiving a notice that an adverse action has taken place based on your consumer report.  You also have a right to dispute with LexisNexis Screening Solutions, Inc., the accuracy or completeness of any information in a consumer report furnished by the agency ("Adverse Action Rights").

24.     Because Defendants' purported disclosure contains extraneous information and is not a clear and unambiguous disclosure in a stand-alone document, it does not meet the requirements under the law.

25.     In addition, the inclusion of the above Waiver, Ineligibility, and Adverse Action Rights provisions in the purported disclosure violates Section 1681b(b)(2)(A) of the FCRA.

26.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report[1] or investigative consumer report[2] for employment purposes,

---

[1] Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.
[2] Section 1681a(e) of the FCRA defines "investigative consumer report" as "a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information."

unless the disclosure is made in a document that consists *solely* of the disclosure and the consumer has authorized, in writing, the procurement of the report.  15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).

27.     Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information.  The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

28.     The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA.  The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment  purposes.

29.     In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

CLASS ACTION COMPLAINT

30.     By including the Waiver, Ineligibility, and Adverse Action Rights provisions in its Background Check Terms and Conditions, Defendants wilfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear[] and accurate[]," and thus violates Sections 1681b(b)(2)(A) and 1681d(a).

31.     Defendants' conduct also violates Cal. Civ. Code Section 1786.16(b) because, on information and belief, Defendants did not timely provide reports when requested.  Despite Plaintiff's request for a copy of any background report procured by Defendants at the time of his application, Defendants still, to this day, have not provided him with a copy of the background report prepared.

## Adverse Action

32.     Following completion of Plaintiff's employment application, but pending the outcome of his background investigation, Plaintiff was originally offered a position with Defendants.  On or about August 9, 2013, Defendants' District Manager John Intrieri approved Plaintiff's offer of employment.  On or about September 10, 2013, after Defendants had procured and/or obtained Plaintiff's background report, Defendants terminated Plaintiff.  Defendants took adverse employment action by revoking Plaintiff's job offer based in whole or in part on information contained in his consumer and/or investigative consumer report.

33.     Despite Defendants' intent to take an adverse action, Defendants never provided Plaintiff with a copy of the report and/or a summary of his rights under the FCRA, as required by section 1681b(b)(3)(A) of the FCRA.

34.     Additionally, following Defendants' adverse action, after a reasonable period of time, Defendants never provided a separate "post-adverse action" notice which includes the contact information of the consumer reporting agency that supplied the report; a statement that the agency supplying the report

did not make the decision to take the unfavorable action and cannot give specific reasons for the action; and a notice of the applicant or employee's right to dispute the accuracy of the information furnished by the consumer reporting agency and that a free additional report is available from the agency if the person asks for it within 60 days, among other requirements under section 1681m(a) of the FCRA.

35. Defendants' "pre-adverse action" and/or "post-adverse action" misconduct, as further alleged herein, was willful. Although Defendants were aware of the disclosure requirements through, inter alia, the express language of the statute, their in-house and outside counsel, and FTC guidance and reports that pre-dated Defendants' conduct, Defendants systematically failed to comply with the requirements.

36. Defendants have thereby violated federal and state statutes as described herein.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

38. Plaintiff's proposed class consists of and is defined as:

> All persons residing in the United States who applied for an employment position with Defendants within the two years immediately preceding the filing of this lawsuit and executed Defendants' Background Check Terms and Conditions form ("FCRA Pre-Authorization Class").

39. Plaintiff's proposed California subclass of the FCRA Pre-Authorization Class consists of and is defined as follows:

> All persons residing in California, who applied for an employment position with Defendants within the two

years immediately preceding the filing of this lawsuit and executed Defendants' Background Check Terms and Conditions form ("ICRAA Subclass").

40.     Plaintiff's second proposed class consists of and is defined as follows:

> All persons residing in the United States who applied for an employment position with Defendants within the two years immediately preceding the filing of this lawsuit, who executed Defendants' Background Check Terms and Conditions form, and against whom Defendants took adverse employment actions based, in whole or in part, on information contained in a consumer or investigative report ("FCRA Adverse Action Class").

41.     Plaintiff's proposed California subclass of the FCRA Adverse Action Class consists of and is defined as follows:

> All persons residing in California who applied for an employment position with Defendants within the four years immediately preceding the filing of this lawsuit, executed Defendants' Background Check Terms and Conditions form, and against whom Defendants took adverse employment actions based, in whole or in part, on information contained in a consumer or investigative report ("UCL Adverse Action Subclass").

42.     Members of the Classes and Subclasses, as described above, will be referred to as "class members." Excluded from the Classes and Subclasses are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend the above Classes and Subclasses and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

43.     <u>Numerosity</u>:  The class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Classes and Subclasses is unknown to Plaintiff at this time; however, the class is

estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment and/or hiring records.  Consequently, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

44.    <u>Commonality</u>:  There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether it is Defendants' standard procedure to provide a stand-alone written disclosure to applicants and employees before obtaining a background report in compliance with the statutory mandates;

(b)    Whether it is Defendants' standard procedure to provide a written copy of the FCRA Summary of Rights to applicants and employees before obtaining a background report in compliance with the statutory mandates;

(c)    Whether it is Defendants' standard procedure to provide applicants and employees with written copies of their background report in a timely manner in compliance with the statutory mandates;

(d)    Whether it is Defendants' standard procedure to provide applicants and employees with a copy of report and summary of rights under the FCRA before taking an adverse action based, in whole or in part, on information contained in a consumer report or investigative consumer report in compliance with the statutory mandates;

(e)    Whether it is Defendants' standard procedure to provide

applicants and employees with a post-adverse action notice after taking an adverse action based, in whole or in part, on information contained in a consumer report or investigative consumer report in compliance with the statutory mandates;

(f)     Whether Defendants' failures to comply with the FCRA or ICRAA were willful or grossly negligent;

(g)     Whether Defendants' conduct described herein constitutes a violation of the UCL; and

(h)     The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

45.     <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

46.     <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he is similarly situated, as demonstrated herein.  Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

47.     <u>Predominance</u>:  Questions of law or fact common to the class members predominate over any questions affecting only individual members of the Class.  The elements of the legal claims brought by Plaintiff and the class members are capable of proof at trial through evidence that is common to the class

1    rather than individual to its members.

2        48.    <u>Superiority</u>:  Plaintiff and class members have all suffered and will

3    continue to suffer harm and damages as a result of Defendants' unlawful and

4    wrongful conduct.  A class action is superior to other available methods for the

5    fair and efficient adjudication of the controversy.  Absent a class action, most

6    class members would likely find the cost of litigating their claims prohibitively

7    high and would therefore have no effective remedy at law.  Because of the

8    relatively small size of the individual class members' claims, it is likely that only a

9    few class members could afford to seek legal redress for Defendants' misconduct.

10   Absent a class action, class members will continue to incur harm and damages and

11   Defendants' misconduct will continue without remedy.  Class treatment of

12   common questions of law and fact would also be a superior method to multiple

13   individual actions or piecemeal litigation in that class treatment will conserve the

14   resources of the courts and the litigants and will promote consistency and

15   efficiency of adjudication.

16       49.    The Class may also be certified because:

17           (a)    the prosecution of separate actions by individual class

18               members would create a risk of inconsistent or varying

19               adjudication with respect to individual class members, which

20               would establish incompatible standards of conduct for

21               Defendants;

22           (b)    the prosecution of separate actions by individual class

23               members would create a risk of adjudications with respect to

24               them that would, as a practical matter, be dispositive of the

25               interests of other class members not parties to the

26               adjudications, or substantially impair or impede their ability

27               to protect their interests; and

28

(c)     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

## Violation of the Fair Credit Reporting Act Sections 1681b(b)(2)(A) and 1681d(a)

50.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

51.     Defendants are "person[s]" as defined by Section 1681a(b) of the FCRA.

52.     Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

53.     Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

(b) Conditions for furnishing and using **consumer reports for employment purposes.**
…

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added.)

54.     Section 1681d(a) provides, in relevant part:

(a) Disclosure of fact of preparation

(1) A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless—

(1) it is ***clearly and accurately disclosed*** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and
(B) ***includes a statement informing the consumer of his right to request the additional disclosures*** provided for under subsection (b) of this section ***and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)*** of this title; (Emphasis Added.)

55.     As discussed more fully above, Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and class members with a clear and conspicuous written disclosure, before a consumer report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

56.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring consumer reports or causing consumer reports to be procured.  Pursuant to that policy and practice, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and class members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

57.     Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is reflected by, among other things, the following facts:

      (a)     Defendants are large companies with access to legal advice through their own general counsel's office and outside employment counsel;

      (b)     Defendants included a purported authorization to perform background checks in their employment application which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

      (c)     The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements; and

      (d)     The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of Section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the FCRA disclosure form.

58.    Defendants violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiff and class members that an investigative consumer report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiff's and class members' rights under 1681g(c) as part of the disclosure.

59.    On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing a written summary of their rights

under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, without providing a timely written summary of their rights under the FCRA.

60. Accordingly, Defendants wilfully violated and continue to violate the FCRA including, but not limited to, Sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

61. As a result of Defendants' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

62. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

63. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

## SECOND CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act Section 1681b(b)(3)(A)

### (As to the FCRA Adverse Action Class Only)

64. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

65. Section 1681a(k)(1)(B)(ii) of the FCRA defines "adverse action" as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

66.     Section 1681b(b)(3)(A) of the FCRA requires that anyone attempting to take any adverse action based in whole or in part on a consumer report must first "provide to the consumer to whom the report relates a copy of the report; and a description in writing of the rights of the consumer under this subchapter, as prescribed by the [Bureau of Financial Protection] under section 1681g(c)(3) of this title," i.e., the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection.

67.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of taking adverse actions against applicants and employees based in whole or in part on a consumer report, without first providing them with a copy of the consumer report or a current version of the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection.

68.     At all relevant times herein, Defendants, pursuant to the policy and practice described above, took adverse action against Plaintiff and class members based in whole or in part on a consumer report, without first providing (1) a copy of the consumer report(s) used and/or (2) a written description of the rights of the consumer, i.e., the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection.

69.     Defendants' conduct in violation of Section 1681b(b)(3)(A) of the FCRA was and is willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is reflected by, among other things, the following facts:

(a)     Defendants are large companies with access to legal advice through their own general counsel's office and outside employment counsel.

(b)     The Consumer Reporting Agency that provided Plaintiff's

consumer report information to Defendants (LexisNexis Screening Solutions) has published an FCRA Information Packet, which states: "First, if you intend to take adverse action based on consumer report information (such as criminal records checks, credit checks, employment verifications, etc.) provided by LexisNexis, you must first notify the individual. . . . With the pre-adverse action letter, the employer must provide the individual with a copy of the Summary of Your Rights document(s) and a copy of the consumer report provided by LexisNexis."

(c)    Defendants were aware of the pre-adverse action requirement to provide a copy of the report and a written description of the rights of the consumer prior to taking an adverse action, as evidenced by the Background Check Terms and Conditions form provided to Plaintiff and based on the facts alleged herein.

(d)    The plain language of the statute unambiguously indicates that failure to provide the consumer with a copy of the report and a written description of the rights of the consumer violates pre-adverse action requirements.

70.    Accordingly, Defendants wilfully violated and continue to violate the FCRA including, but not limited to, Section 1681b(b)(3)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

71.    As a result of Defendants' inadequate disclosures prior to taking adverse action against Plaintiff and class members, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA. Plaintiff also suffered anxiety, stress, and confusion as a result of Defendants' inadequate disclosures. Additionally,

CLASS ACTION COMPLAINT

Plaintiff and class members have been injured in that Defendants' conduct caused a material diminishment in their employment prospects at O'Reilly Auto Parts, without being fully informed of their statutory rights or having an opportunity to invoke those rights and reverse any adverse employment action taken by Defendants.  For example, on information and belief, Plaintiff was terminated as a result of Defendants' conduct.  Because of Defendants' inadequate disclosures, he was deprived of the opportunity take advantage of his statutory rights.

72.     Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. Section 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

73.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

## THIRD CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act Section 1681m(a)

### (As to the FCRA Adverse Action Class Only)

74.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

75.     Section 1681m(a) provides, in relevant part:

(a) Duties of users taking adverse actions on basis of information contained in consumer reports

***If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall—***

(1)***provide oral, written, or electronic notice of the adverse action to the consumer***;

(2)provide to the consumer written or electronic disclosure—
(A)  of a numerical credit score as defined in section 1681g (f)(2)of this title used by such person in taking any adverse action based in whole or in part on any information in a consumer report; and

(B) of the information set forth in subparagraphs (B) through (E) of section 1681g (f)(1) of this title;

(3) *provide to the consumer orally, in writing, or electronically*—

(A) *the name, address, and telephone number of the consumer reporting agency* (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and

(B) *a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken*; and

(4) *provide to the consumer an oral, written, or electronic notice of the consumer's right*—

(A) *to obtain, under section 1681j of this title, a free copy of a consumer report* on the consumer from the consumer reporting agency referred to in paragraph (3), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and

(B) *to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report* furnished by the agency.

76.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy and practice of taking adverse actions against applicants and employees based in whole or in part on a consumer report, without providing the following information: notice of the adverse action; the contact information of the consumer reporting company that furnished the report; a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; notice of the consumer's right to obtain a free copy of the consumer report from the consumer reporting agency within 60 days; and the right to dispute inaccurate or incomplete information in the consumer report, with the consumer reporting agency.

77.     At all relevant times herein, Defendants, pursuant to the policy and

practice described above, took adverse action against Plaintiff and class members based in whole or in part on a consumer report, without providing the following information: notice of the adverse action; the contact information of the consumer reporting company that furnished the report; a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; notice of the consumer's right to obtain a free copy of the consumer report from the consumer reporting agency within 60 days; and the right to dispute inaccurate or incomplete information in the consumer report, with the consumer reporting agency.

78.    Defendants' conduct in violation of Section 1681m(a) of the FCRA was and is willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is reflected by, among other things, the following facts:

(a)    Defendants are large companies with access to legal advice through their own general counsel's office and outside employment counsel.

(b)    The Consumer Reporting Agency that provided Plaintiff's consumer report information to Defendants (LexisNexis Screening Solutions) has published an FCRA Information Packet, which states: "The employer must then wait a 'reasonable period' of time to allow the applicant/employee to dispute any information in the report. . . .  After the waiting period expires and if there is no dispute, you can take adverse action. . . .  To be in compliance with FCRA guidelines, it is imperative that your communication includes LexisNexis's toll phone number, fax number and address, as well as a statement

that LexisNexis did not participate in the adverse decision and cannot provide specific reasons as to why the decision was made."

(c) Defendants were clearly aware of the post-adverse action requirement to provide certain notices and information after taking an adverse action, as evidenced by the Background Check Terms and Conditions provided to Plaintiff, which reference, among other things, the consumer's right to request a free copy of the report as well as a right to dispute inaccurate or incomplete information in the report, and based on the facts alleged herein.

(d) The plain language of the statute unambiguously indicates that failure to provide the consumer with the required notices and information after taking an adverse action violates post-adverse action requirements.

79. Accordingly, Defendants wilfully violated and continue to violate the FCRA including, but not limited to Sections 1681m(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

80. As a result of Defendants' inadequate disclosures subsequent to taking adverse action against Plaintiff and class members, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA. Plaintiff also suffered anxiety, stress, and confusion as a result of Defendants' inadequate disclosures. Additionally, Plaintiff and class members have been injured in that Defendants' conduct caused a material diminishment in their employment prospects at O'Reilly Auto Parts, without being fully informed of their statutory rights or having an opportunity to invoke those rights and reverse any adverse employment action taken by Defendants. For example, on information and belief, Plaintiff was

terminated as a result of Defendants' conduct.  Because of Defendants' inadequate disclosures, he was deprived of the opportunity take advantage of his statutory rights.

81.    Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. Section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

82.    In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. Section 1681o.

## FOURTH CAUSE OF ACTION

**Violation of the Investigative Consumer Reporting Agencies Act Section 1786.16(b)**

**(As to ICRAA Subclass Only)**

83.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

84.    Defendants are "person[s]" as defined by Cal. Civ. Code Section 1786.2(a).

85.    Plaintiff and class members are "consumers" within the meaning of Cal. Civ. Code Section 1786.2(b), because they are natural individuals who have made application to a person for employment purposes.

86.    Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

87.    Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling,

reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

88.     Section 1786.16(b)(1) provides, in relevant part:

(b) Any person described in subdivision (d) of Section 1786.12 who requests an investigative consumer report, in accordance with subdivision (a) regarding that consumer, shall do the following:

(1) Provide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. ***If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer within three business days of the date that the report is provided to the recipient, who may contract with any other entity to send a copy to the consumer.*** The notice to request the report may be contained on either the disclosure form, as required by subdivision (a), or a separate consent form. The copy of the report shall contain the name, address, and telephone number of the person who issued the report and how to contact them. (Emphasis Added.)

89.     Defendants violated Section 1786.16(b)(1) by failing to provide to Plaintiff and class members a copy of their investigative consumer report when requested within three business days of the date that the report was provided to Defendants.

90.     On information and belief, and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without providing them a copy of such reports, even when they have indicated on a written form via a checkbox that they wish to receive a copy of any report that is prepared.

91.     Pursuant to Defendants' policy and practice, Defendants procured

1  investigative consumer reports or caused investigative consumer reports to be

2  procured for Plaintiff and class members without providing them a copy of such

3  reports within three business days when requested, as required under Section

4  1786.16(b)(1) of the ICRAA.  For example, during the relevant time period,

5  Plaintiff completed Defendants' online employment application.  During the

6  online application process, Plaintiff requested a copy of any investigative

7  consumer report prepared by marking a checkbox indicating that he wished to

8  receive a copy of any "criminal background report" that is prepared.  To date,

9  Defendants still have not provided him with a copy of the investigative consumer

10  report.

11        92.    Accordingly, Defendants wilfully violated and continue to violate the

12  ICRAA including, but not limited to, Section 1786.16(b)(1).  Defendants' willful

13  or grossly negligent conduct is reflected by, among other things, the facts set forth

14  above.

15        93.    As a result of Defendants' willful or grossly negligent failure to

16  provide the required form and/or report(s) as set forth above, Plaintiff and class

17  members have been injured by, among other things, having their privacy and

18  statutory rights invaded in violation of the ICRAA.

19        94.    Plaintiff, on behalf of himself and all class members, seeks all

20  available remedies pursuant to Cal. Civ. Code Section 1786.50 including actual

21  damages, punitive damages, injunctive and equitable relief, and attorneys' fees

22  and costs.

23  //

24  //

25  //

26  //

27  //

28  //

# FIFTH CAUSE OF ACTION

## Violation of California Business & Professions Code Section 17200 *et seq.*

### (As to the UCL Adverse Action Subclass Only)

95.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

96.     California's Unfair Competition Law ("UCL"), California Business & Professions Code Section 17200 et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent business act or practice.  A business practice need only meet one of the three criteria to be considered unfair competition.  An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

97.     As described above, Defendants have violated the "unlawful" prong of the UCL in that Defendants' conduct violated numerous provisions of the FCRA.

98.     Defendants have violated the "unfair" prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise taking the necessary steps to adhere to the FCRA.  Further, any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members and because the conduct offends public policy.

99.     As a result of Defendants' conduct described herein and their willful violations of California Business & Professions Code Section 17203, Plaintiff and the Class have lost money and suffered harm as described herein.

100.    Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein.  Plaintiff seeks an order (1)

1   requiring Defendants to cease the unfair and unlawful practices described herein;

2   and (2) awarding reasonable costs and attorneys' fees pursuant to California Code

3   of Civil Procedure Section 1021.5.

4                       **REQUEST FOR JURY TRIAL**

5          101.   Plaintiff requests a trial by jury of all issues which may be tried by a

6   jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

7                        **RELIEF REQUESTED**

8          Plaintiff, on behalf of himself and class members, requests that the Court

9   enter judgment against Defendants, as follows:

10         (a)   An order certifying the proposed Classes and Subclasses,

11               designating Plaintiff as a named representative of the Classes

12               and Subclasses, and designating the undersigned as Class

13               Counsel;

14         (b)   A Declaration that Defendants' practices violate the FCRA,

15               ICRAA, and UCL;

16         (c)   An award of statutory, compensatory, special, general, and

17               punitive damages according to proof against all Defendants;

18         (d)   An award of appropriate equitable relief, including but not

19               limited to an injunction forbidding Defendants from engaging

20               in further unlawful conduct in violation of the FCRA,

21               ICRAA, and UCL;

22         (e)   An award of pre-judgment and post-judgment interest, as

23               provided by law;

24         (f)   Leave to amend the Complaint to conform to the evidence

25               produced at trial;

26         (g)   An award of attorneys' fees and costs, as allowed by law,

27               including an award of attorneys' fees and costs pursuant to 15

28               U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code §

1                     1786.50, and California Code of Civil Procedure § 1021.5;

2                     and

3         (h)    Such other relief as may be appropriate under the

4                     circumstances.

5 Dated:  May 5, 2014               Respectfully submitted,

6                           Capstone Law APC

7

8                    By: /s/ Raul Perez

9                         Raul Perez
                         Melissa Grant

10                       Arnab Banerjee
                       Alexandria Witte

11                     Attorneys for Plaintiff Raphael Saye

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT